# THE ATTORNEY GENERAL
## - OF TEXAS



GERALD C. MANN
XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-4184
Re: Is the Bureau of Labor
Statistics acting within
its jurisdiction in
assisting employees to
collect wages due them; and
related questions.

You have asked our opinion on the above and other questions
set out in your letter of inquiry, which we quote:

"For a number of years a certain procedure has been followed
by this Department in assisting employees to collect wages
due them by employers. For example, an employee presents
himself at one of our field offices and requests that we
assist him in collecting wages that an employer has failed
to pay.

"Our procedure has been to have the employee give us a
statement of his claim for wages, giving all pertinent in-
formation concerning same for this statement, sworn to before
persons authorized to administer oaths. A blank form that we
use for this purpose is attached, also sheet of instructions
to assist in filling out the statement of employee. Upon
completion of same, our deputies usually try to contact the
employer and reach a settlement with him satisfactory to the
employee regarding this claim.                              •

"It seems to be the policy of this Department that where an
employer fails to take any action at all in cases of this
nature or fails to respond to correspondence, the deputy
issues a subpoena for facts of this claim. This has been
done under the provisions of Article 5150, Revised Civil
Statutes.

"In order to properly instruct the personnel of this Depart-
ment in the proper procedure to be used in carrying out our
duties, please advise me

"(1) "hether or not the above procedure in taking the statement of claim for wages is within our jurisdiction,

"(2) Whether or not representatives of this Department are acting within their jurisdiction in assisting employees to collect wages due them,

"(3) Whether or not the issuance of subpoenas by a representative of this Department to get this information is within the jurisdiction of this Department."

The general duties of the Commissioner of Labor Statistics are set out in Articles 5145 and 5149, Vernon's Revised Civil Statutes of 1925, in the following language: -

"Art. 5145. (5235-6-7) Duties of Commissioner

"The Bureau of Labor Statistics shall be under the charge and control of the Commissioner of Labor Statistics. The Commissioner shall collect, systematize and present in biennial reports to the Governor, statistical details relating to all departments of labor in Texas, especially as bearing upon the commercial, social, educational, and sanitary conditions of the employees and their families, the means of escape from dangers incident to their employment, the protection of life and health in the factories and other places of employment, the labor of women and children, and the number of hours of labor exacted of them, and in general, all matters and things which affect or tend to affect the prosperity of the mechanical, manufacturing and productive industries of this State, and of the persons employed therein.

"Said Commissioner shall, also, as fully as may be done, collect reliable reports and information from each county, showing the amount and condition of the mechanical, mining and manufacturing interest therein, and all sites offering natural or acquired advantages for the location and operation of any of the different branches of industry. He shall, by correspondence with interested parties in other parts of the United States, or in foreign countries, impart to them such information as may tend to induce the location of manufacturing and producing plants within the State, together with such information as may to increase the employment of labor and the products of such employment in Texas. Except as hereinafter provided he shall safely keep and deliver to his successor all records, papers, documents, correspondence and property pertaining to or coming into his hands by virtue of his office."

"Art. 5149. (5242) To report violations

"If the Commissioner shall learn of any violation of the law with respect to the employment of children, or fire escapes, or the safety of employees, or the preservation of health, or in any other way affecting the employes, he shall at once give written notice of the facts to the proper county or district attorney."

The authority of the Commissioner to issue subpoenas and take testimony is granted in Article 5150 in the following language:

"Art. 5150. (5239)  To take testimony

"The Commissioner shall have power to issue subpoenas and take testimony in all matters relating to the duties herein required of said Bureau.  Such testimony must be taken in the vacinity of the residence or office of the person testifying."

All of the above quoted statutory provisions are from the same legislative enactment (Act 1909, beginning at page 59).  It will thus be seen that, inasmuch as one of the duties of the Bureau prescribed by said Act is to report by written notice to the proper county or district attorney any violation of law in any way affecting employees, the Commissioner's power to issue subpoenas and take testimony extends to any case in which he may learn of such violation of the law.  Among the laws clearly intended for the protection of employees, and violations of which would affect employees, are those found in the following chapters of Title 83 of Vernon's Revised Civil Statutes of 1925,

Chapter 3, relating to the time of payment of wages;

Chapter 7, relating to measures for the protection of female employees.  (See also Article 1567, Vernon's Revised Penal Code of 1925).

Chapter 13, regulating the business of employment agents.

Other important statutory provisions designed for the protection of employees are found in the Texas Child Labor Law, Chapter 4 of Title 18, Vernon's Revised Penal Code of 1925.

Article 5157, contained in Chapter 3, above cited, is as follows:

"Every person, partnership or corporation, wilfully failing or refusing to pay the wages of any employee at the time and in the manner provided in this statute shall forfeit to the State of Texas the sum of fifty dollars for each and every such failure or refusal.  Suits for penalties accruing under this law

shall be brought in any court having jurisdiction of the amount in the county in which the employe should have been paid, or where employed. Such suits shall be instituted at the direction of the Commissioner of Labor Statistics by the Attorney General or under his direction, or by the County or District Attorney for the county or district in which suit is brought."

The duty and authority conferred by this statute are limited to the filing of suits on behalf of the State for the collection of the penalties therein provided, and do not extend to assistance of the employee in the collection of his personal claim, and the instruction sheet submitted with your letter so states.

It is a matter of common knowledge that a great many of the unpaid wage claims, which employees need assistance in collecting, are too small to justify the risk of payment of court costs in an attempt to collect them, and the claimants financially unable to advance attorney fees. The work of your department of the State government in assisting in the settlement of such claims, without charge to the claimant, is commendable, and the humanitarian motives from which it springs unquestioned. But the Bureau of Labor Statistics, being a creature of the statutory law of this State, has only such authority as is granted to it by specific statutory enactment. and nowhere in the statutes do we find any authority for the Bureau to assist employees in the collection of wages due them.

Therefore, in answer to your second question, it is our opinion that representatives of the Bureau of Labor Statistics are not acting within their jurisdiction in assisting employees to collect wages due them.

It is our further opinion (in answer to your first and third questions) that the procedure outlined by you for the taking of statements of claims for wages, and the issuance of subpoenas by representatives of your department to get such information, are within the jurisdiction of your department only insofar as they are done for the purpose of fulfilling the duties conferred upon the Bureau of Labor Statistics by the statutes, and not for the purpose of assisting employees in collecting wages due them.

Yours very truly
ATTORNEY GENERAL OF TEXAS
s/ W. R. Allen.
By

W. R. Allen
Assistant

APPROVED DEC. 18, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

WRA:RS/cg
Approved Opinion Committee
By BWB, Chairman